OPINION
{¶ 1} Defendants-appellants Lawrence Wesley and Kathy Wesley appeal from a default judgment in favor of plaintiff-appellee Bank One on its complaint against them, and dismissing their counterclaim against Bank One, with prejudice. The Wesleys contend that the trial court erred in granting a default judgment in favor of Bank One and dismissing their counterclaim against Bank One, with prejudice, two days after Bank One filed its Motion for Sanctions, because they were not afforded the opportunity to respond to Bank One's Motion for Sanctions within the time allowed by Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas. We conclude that Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas did allow the Wesleys fourteen days to respond to Bank One's Motion for Sanctions, that the trial court failed to allow them that time to respond, awarding judgment to Bank One before the Wesleys had had an opportunity to respond, and that we cannot determine that this error was harmless, because a trial court is accorded discretion in deciding what sanction to impose for discovery violations. Pursuant to Hillabrand v. Drypers Corp.,87 Ohio St.3d 517, 2000-Ohio-468, 721 N.E.2d 1029, we conclude that the trial court committed prejudicial error when it failed to allow the Wesleys the time provided for in its local rule for a response to Bank One's motion.
 {¶ 2} Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 3} In April, 2000, Lawrence Wesley and Kathy Wesley executed a mortgage and promissory note in the amount of $150,000 to Bank One. In March, 2003, Bank One filed a complaint for foreclosure against the Wesleys seeking a finding of default, under the terms of the mortgage and promissory note, in the sum of $149,999.90, together with interest and costs, and requesting that the mortgage be foreclosed upon. The Wesleys filed an answer and counterclaim against Bank One as well as a third-party complaint.
 {¶ 4} In April, 2003, Bank One sent the Wesleys its First Set of Interrogatories and Request for Production of Documents. In September, 2003, Bank One filed a motion for an order compelling discovery pursuant to Civ.R. 37(A). The trial court granted Bank One's Motion for an Order Compelling Discovery, and the Wesleys were ordered to respond to Bank One's First Set of Interrogatories and Request for Production of Documents within fourteen days of the trial court's entry.
 {¶ 5} On October 15, 2003, Bank One filed a motion for sanctions against the Wesleys for failing to comply with the trial court's September 8, 2003 order. In its Motion for Sanctions, Bank One requested that the trial court render a default judgment in favor of Bank One and dismiss the Wesleys' counterclaim, with prejudice, pursuant to Civ.R. 37(B)(2)(c). Just two days after Bank One filed its motion for sanctions, on October 17, 2003, the trial court entered an order, which stated that "[u]pon plaintiff's Motion and for good cause shown, it is hereby ORDERED that plaintiff's Motion is granted; that plaintiff is granted a default judgment against defendants, Lawrence Wesley and Kathy Wesley, on the Complaint, and that defendants' Counterclaim is hereby dismissed, with prejudice."
 {¶ 6} On November 7, 2003, the trial court entered a judgment entry and decree in foreclosure finding the amount of the Wesleys' obligation to be $149,999.90, with interest and costs, and allowing the Wesleys to pay the obligation within three days from the date of the entry or the Wesleys' equity of redemption in the real estate would be foreclosed and the real estate sold, with an order of sale to issue. The trial court found that there was no just reason for delay. On December 2, 2003, Bank One filed a precipe for an order of sale. On December 4, 2003, the Wesleys filed their Notice of Appeal from the Judgment Entry and Decree in Foreclosure entered by the trial court on November 7, 2003.
 II {¶ 7} The Wesleys' sole assignment of error is as follows:
 {¶ 8} "The trial court erred in dismissing appellants' counterclaims with prejudice and granting appellee default judgment against appellants."
 {¶ 9} The Wesleys contend that the trial court erred in granting a default judgment in favor of Bank One and dismissing their counterclaim against Bank One, with prejudice, two days after Bank One filed its Motion for Sanctions, because they were not afforded the opportunity to respond to Bank One's Motion for Sanctions in the time allowed by Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas. Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas provides that a party opposing a motion shall file and serve a memorandum in opposition to the motion within fourteen days from the date on which the motion is served on them. Loc.R. 2.05(II)(B)(2) further states that "[i]f no memorandum is filed within this time limit, the motion may be decided forthwith."
 {¶ 10} Bank One filed a motion for sanctions on October 15, 2003. Two days later, on October 17, 2003, the trial court entered an order granting a default judgment in favor of Bank One and dismissing their counterclaim against Bank One, with prejudice. On November 7, 2003, the trial court entered a judgment entry and decree in foreclosure, and found that there was no just reason for delay.
 {¶ 11} The Ohio Supreme Court has held that pursuant to Civ.R. 41(B)(1), a trial court is permitted to dismiss a case when a party fails to comply with a court order, but notice must be given. Hillabrand v. Drypers Corp., 87 Ohio St.3d 517, 518,2000-Ohio-468, 721 N.E.2d 1029. The Court held that a trial court may dismiss a case with prejudice only "`when counsel has been informed that dismissal is a possibility and has had areasonable opportunity to defend against dismissal.'" (Emphasis in original.) Id., quoting Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 684 N.E.2d 319, syllabus.
 {¶ 12} "`[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders.' `The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" (Emphasis in original.) Id., internal citations omitted. "A `reasonable opportunity to defend against dismissal' under Quonset contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." Id. at 519-520.
 {¶ 13} When the trial court entered an order granting a default judgment in favor of Bank One and dismissing their counterclaim against Bank One, with prejudice, two days after Bank One filed its Motion for Sanctions, the trial court did not allow the Wesleys the opportunity to respond within fourteen days, the time frame allowed by Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas. Therefore, the Wesleys did not have a "reasonable opportunity to defend against dismissal."
 {¶ 14} Bank One contends that this case is distinguishable from Hillabrand, because even though the trial court granted Bank One's Motion for Sanctions on October 17, 2003, two days after Bank One's Motion for Sanctions was filed, the trial court entered the Judgment Entry and Decree in Foreclosure, a final appealable order, on November 7, 2003, twenty-three days after Bank One's Motion for Sanctions was filed, allowing the Wesleys to respond within fourteen days.
 {¶ 15} We conclude that the trial court's October 17, 2003, order granting a default judgment in favor of Bank One and dismissing their counterclaim against Bank One, with prejudice, in effect cut off the Wesleys' response period. The October 17, 2003, order included only the following language: "Upon plaintiff's Motion and for good cause shown, it is hereby ORDERED that plaintiff's Motion is granted; that plaintiff is granted a default judgment against defendants, Lawrence Wesley and Kathy Wesley, on the Complaint, and that defendants' Counterclaim is hereby dismissed, with prejudice." The trial court gave no indication that the issues resolved in its October 17, 2003, order remained open for reconsideration, and that the Wesleys would have a remaining twelve days to respond before the trial court would thereafter enter its Judgment Entry and Decree in Foreclosure, a final appealable order.
 {¶ 16} Bank One also contends that the Wesleys could have avoided dismissal by opposing Bank One's Motion for an Order Compelling Discovery or by complying with the trial court's September 8, 2003, order granting Bank One's Motion for an Order Compelling Discovery. This argument was also rejected by the Ohio Supreme Court in Hillabrand, when the Court stated the following in a footnote: "[W]e are not persuaded by appellee's argument that Hillabrand had sufficient opportunity to explain his inaction after the motion to compel discovery was granted and thus failed to protect his rights. Regardless of the fact that Hillabrand could have taken additional steps to explain his noncompliance after the motion to compel discovery was granted, this does not excuse the trial court from disregarding Hillabrand's right to respond under the Ohio Rules of Civil Procedure." Hillabrand, 87 Ohio St.3d at 520, fn. 1.
 {¶ 17} As in Hillabrand, regardless of whether the Wesleys could have taken steps to explain their noncompliance after Bank One's Motion for an Order Compelling Discovery was granted, it does not excuse the trial court from disregarding the Wesleys' right to respond under Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas.
 {¶ 18} Bank One further contends that the Hillabrand
holding undermines the rules that allow trial courts to enforce their discovery orders and allows discovery violators a second chance. Bank One supports its contention with the decision of the Eighth District Court of Appeals in Kassouf v. Pantona,
Cuyahoga App. Nos. 81012, 80597, 2003 WL 252185, 2003-Ohio-553. However, Kassouf is not on point with the case before us. InKassouf, the Eighth District Court of Appeals distinguishedHillabrand, when it stated as follows:
 {¶ 19} "This situation, therefore, is distinguishable fromHillabrand. Kassouf was given prior notice of the trial court's intent to dismiss and he did respond to that notice. Indeed, Kassouf did not provide discovery before the February 2, 2001 deadline, but rather filed a motion with the court explaining his inability to comply. This response is exactly the kind contemplated by the Supreme Court, which requires that courts provide the defaulting party an `opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' Hillabrand at 518,721 N.E.2d 1029. Furthermore, the court granted in part his request for modification of the discovery order." (Emphasis in original.)Kassouf, at ¶ 27.
 {¶ 20} In a footnote, the Eighth District Court of Appeals did state that "[a]lthough this case is distinguishable fromHillabrand, we believe that a fair reading of Civ.R. 41(B)(1) would have allowed the trial court to dismiss Kassouf's claim had there been no warning in January, 2001. The rule requires `notice,' not second chances. We once again therefore `urge the Supreme Court to put teeth back into' the rules that allow trial courts to enforce their discovery orders." Kassouf, at ¶ 27, fn. 3, citation omitted.
 {¶ 21} Although the Eighth District Court of Appeals urges the Ohio Supreme Court to put "teeth back into the rules," we are still bound by the Ohio Supreme Court's holding in Hillabrand,
supra. Therefore, because Loc.R. 2.05(II)(B)(2) of the Montgomery County Court of Common Pleas allows the Wesleys fourteen days to respond to Bank One's Motion for Sanctions, we conclude that the trial court erred in not allowing the Wesleys at least that much time to respond. The determination of what sanction to impose upon a party as a result of its failure to comply with discovery is confided to the sound discretion of the trial court. Due process requires that both parties have an opportunity to present arguments addressed to the trial court's exercise of this discretion before it makes a decision. By making the decision to impose the extreme sanction of default judgment before the time had run out under the trial court's own local rule, the trial court deprived the Wesleys of their opportunity to attempt to persuade the trial court that a lesser sanction was warranted in this case.
 {¶ 22} The Wesleys' sole assignment of error is sustained.
 III {¶ 23} The Wesleys' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Grady, JJ., concur.