The STATE of Ohio, Appellee,

v.

NALLS, Appellant.

[Cite as *State v. Nalls,* 164 Ohio App.3d 567, 2005-Ohio-6260.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20848.

Decided Nov. 23, 2005.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Nolan Thomas, Assistant Prosecuting Attorney, for appellee.

Larry Nalls, pro se.

FAIN, Judge.

{¶ 1} Defendant-appellant, Larry Nalls, appeals from an order of the trial court rejecting his application for DNA testing. Nalls contends that the trial court abused its discretion by denying his application. He further contends that the trial court erred by ruling on the application without first permitting him to file a reply to the state's memorandum, in which the state opposed his application.

{¶ 2} We conclude that the trial court did err by cutting off Nalls's right, under the trial court's local rules of procedure, to file a responsive pleading in opposition to the state's claim that he is not entitled to testing. Thus, we find that we need not address the claim that the trial court erred by denying the claim, because that issue is not yet ripe for determination.

{¶ 3} The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

I

{¶ 4} In 1989, Larry Nalls was convicted of two counts of compelling a woman to engage in sexual conduct with him. This court affirmed the convictions as being supported by the evidence. *State v. Nalls* (Nov. 9, 1990), Montgomery App. No. 11940, 1990 WL 174154. However, we remanded the matter for resentencing because that Nalls was not provided an opportunity to make a statement prior to the imposition of sentence. Id. On remand, Nalls was sentenced to prison terms "of from six to twenty-five years on each conviction, the terms to run consecutively." *State v. Nalls* (Nov. 7, 1991), Montgomery App. No. 12624, 1991 WL 249530. This court affirmed the decision of the trial court. Id.

{¶ 5} In 1999, Nalls filed a motion for a new trial, which was denied. The order denying his motion for a new trial was affirmed on appeal. *State v. Nalls,* Montgomery App. No. 19065, 2002-Ohio-2701, 2002 WL 1150832.

{¶ 6} On September 20, 2004, Nalls filed an application for DNA testing. The state filed a memorandum in opposition on November 22, 2004.[1] On December 1,

---

1. The state sought, and was granted, an extension of time in which to file its response.

2004, the trial court entered an order denying the application. Nalls now appeals from the order denying his application for DNA testing.

II

{¶ 7} Nalls's second assignment of error is as follows:

{¶ 8} "The trial court has committed reversible error, and has violated the appellant's rights as secured him by the Fifth and Fourteenth Amendments when it entered its final judgment prior to the expiration of the time for the appellant to submit a reply to the state's response pursuant to the local rules of the Montgomery County Court of Common Pleas."

{¶ 9} Nalls contends that the trial court erred by denying his application for DNA testing without first permitting him to file a reply to the state's response in opposition.

{¶ 10} R.C. 2953.72(C)(1) allows an inmate to request DNA testing under certain situations. The prosecuting attorney is permitted, but not required, to file a response to the application. R.C. 2953.73(C). There is no dispute that Nalls is eligible to request DNA testing. Once an eligible inmate submits an application for DNA testing, R.C. 2953.73 provides the trial court with jurisdiction to accept or reject the application pursuant to the grounds set forth in R.C. 2953.74.

{¶ 11} Nalls contends that the trial court should not have decided the merits of his application until either he had filed a reply to the state's response or his time for filing a reply had expired pursuant to Montgomery County C.P.R. 2.05(II)(A)(4). The state contends that the DNA testing statutes do not provide for the filing of a reply and that, therefore, Nalls was not entitled to submit a reply.

{¶ 12} We agree with Nalls. Specifically, we note that Nalls correctly claims that the local rules permit the filing of a reply to a memorandum opposing a motion. We further note that the Montgomery County rules do not conflict with the provisions of the DNA testing statutes. The trial court's entry of a judgment prior to the expiration of the time for the filing of the reply effectively cut off Nalls's right to present an argument in opposition of the state's arguments—a right afforded him by the trial court's local rules of procedure. Since the trial court has discretion to accept or deny applications for DNA testing, we cannot say that the trial court's error, in violation of its own local rules of procedure, was harmless. Perhaps Nalls could have persuaded the trial court to exercise in his favor the discretion with which it is invested by the statute. See

*Bank One v. Wesley,* Montgomery App. No. 20259, 2004-Ohio-6051, 2004 WL 2588603, ¶ 21. Accord *State v. Pless* (1993), 91 Ohio App.3d 197, 632 N.E.2d 524.

{¶ 13} Nalls's second assignment of error is sustained.

## III

{¶ 14} Nalls's first assignment of error is as follows:

{¶ 15} "The trial court has committed reversible error, and has violated the appellant's rights as secured by the First, Fifth and Fourteenth Amendments."

{¶ 16} Nalls contends that the trial court erred by denying his application for DNA testing.

{¶ 17} Given our disposition of Nalls's second assignment of error, set forth in Part II, above, we need not address this argument. Therefore, the first assignment of error is overruled as moot.

## IV

{¶ 18} Nalls's second assignment of error having been sustained and his first assignment of error having been overruled as moot, the order of the trial court denying his application for DNA testing is reversed, and this cause is remanded to the trial court with instructions to permit Nalls a reasonable opportunity to file a reply to the memorandum of the state opposing his application.

*Order reversed
and cause remanded.*

DONOVAN and YOUNG, JJ., concur.

FREDERICK N. YOUNG, J., retired, of the Second Appellate District, sitting by assignment.