DECISION. *Page 2 
{¶ 1} Petitioner-appellant Paul Fuller appeals the Hamilton County Common Pleas Court's judgment denying his petition for postconviction relief. Because the court erred in declining to entertain the petition, we reverse the court's judgment.
 I. Procedural Posture {¶ 2} Fuller was convicted in 2004 of aggravated trafficking in drugs. We dismissed his pro se appeal from his conviction. But in January of 2006, we granted his App. R. 26(B) motion to reopen his direct appeal.
 {¶ 3} On March 10, 2006, the transcript of the trial proceedings was filed in the reopened appeal, [1] and on April 18, Fuller filed his postconviction petition. The common pleas court denied the petition upon its determination that the petition was late under R.C. 2953.21 and that the court had no jurisdiction under R.C. 2953.23 to entertain his late petition.
 {¶ 4} Fuller appealed in the case numbered C-060533 ("Fuller I "). We dismissed this appeal for lack of jurisdiction. In doing so, we held that a reopened appeal is a "direct appeal" for purposes of R.C. 2953.21's time restrictions, and that Fuller had satisfied R.C. 2953.21
when he filed his petition within 180 days of the filing of the trial transcript in his reopened appeal. But the common pleas court, in denying Fuller's timely postconviction petition, had not journalized findings of fact and conclusions of law. Consequently, we dismissed the appeal because, without findings of fact and conclusions of law, the entry from which Fuller had appealed was not a final appealable order.[2] *Page 3 
 {¶ 5} In November of 2007, the common pleas court journalized findings of fact and conclusions of law. But the court again denied Fuller's petition, again upon its determination that the petition was late under R.C. 2953.21 and that the court had no jurisdiction under R.C. 2953.23
to entertain the late petition. This appeal followed.
 II. The Court Erred in Declining to Entertain Fuller's Postconviction Petition {¶ 6} Fuller presents on appeal two assignments of error. He contends in his first assignment of error that the common pleas court erred in declining to entertain his postconviction petition. In his second assignment of error, he contends that the common pleas court erred in failing to conduct an evidentiary hearing. His first assignment of error is well taken, and it renders moot his second assignment of error.
 {¶ 7} In Fuller I, we expressly "h[e]ld that the common pleas court [had] erred in declining to entertain Fuller's petition on the ground that it was not timely filed."[3] After we had dismissed the appeal inFuller I, the common pleas court complied with our decision there by journalizing findings of fact and conclusions of law. But the court disregarded our decision when it again declined to entertain the petition on the ground that it had not been timely filed.
 {¶ 8} The common pleas court provided no explanation for disregarding our decision in Fuller I. The state suggests an explanation when it asserts in its appellate brief that the present appeal "crystallizes for review the issue that could only be discussed in dicta in [FullerI]: Does the phrase `direct appeal' as used in R.C. 2953.21 encompass an appeal reopened under App. R. 26(B)?" But our resolution of this issue inFuller I was not "dicta." *Page 4 
 {¶ 9} "Dictum" is a statement by a court in a decision that is not necessary to the resolution of the case. Dictum may be persuasive, but it is not authoritative, precedential, or any part of the law of the case.[4]
 {¶ 10} This court did not indulge in dictum in concluding inFuller I that, for purposes of R.C. 2953.21, a "direct appeal" includes a reopened appeal. This conclusion determined the issue of whether Fuller's postconviction petition had been timely filed (it had), which, in turn, determined the issue of whether the common pleas court had jurisdiction to entertain the petition (it did). If the petition had not been timely filed and the common pleas court had not otherwise had jurisdiction to entertain the petition, the common pleas court would not have been required to journalize findings of fact and conclusions of law, [5] the court's entry denying the petition would have been a final appealable order, and we would have had jurisdiction over Fuller's appeal. But because the petition was timely filed and the common pleas court did have jurisdiction to entertain the petition, the court was required to journalize findings of fact and conclusions of law to render its decision final and appealable. Its failure to do so determined our disposition of Fuller I, i.e., it deprived us of jurisdiction and thus required us to dismiss the appeal.
 {¶ 11} Under the doctrine of the "law of the case," a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."[6] The law of Fuller I included our determinative conclusions that Fuller's reopened appeal had been a "direct appeal" for purposes of R.C. 2953.21's time restrictions, that Fuller had *Page 5 
met the statute's time restrictions, and that the statute had conferred upon the common pleas court both jurisdiction to entertain Fuller's petition and the obligation to journalize findings of fact and conclusions of law. The common pleas court was bound by the law ofFuller I. Therefore, on the authority of our decision in Fuller I, we hold that the common pleas court erred in declining to address Fuller's petition on the grounds that it was untimely and that court had no jurisdiction to entertain it.
 {¶ 12} Accordingly, we sustain the first assignment of error, reverse the court's judgment, and remand for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
SUNDERMANN, P. J., HENDON and WINKLER, JJ.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] Ultimately, in Fuller's reopened appeal, we affirmed the judgment of conviction. See State v. Fuller, 1st Dist. No. C-040318,2007-Ohio-1020.
[2] State v. Fuller, 171 Ohio App.3d 260, 2007-Ohio-2018,870 N.E.2d 255.
[3] Id. at ¶ 31 (emphasis added).
[4] See Gissiner v. Cincinnati, 1st Dist. No. C-070536,2008-Ohio-3161, ¶ 15.
[5] See State ex rel. Kimbrough v. Greene, 98 Ohio St.3d 116,2002-Ohio-7042, 781 N.E.2d 155, ¶ 6.
[6] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410; accordTransamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 323,649 N.E.2d 1229; State v. Akemon, 173 Ohio App.3d 709, 2007-Ohio-6217,880 N.E.2d 143, ¶ 10. *Page 1