[Cite as *State v. Walker*, 2013-Ohio-1967.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120549 |
| | | TRIAL NO. B-9207726-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LEONARD WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  May 15, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Leonard Walker,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**HENDON, Presiding Judge**.

{¶1} Defendant-appellant Leonard Walker appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Modification of Sentence and for Resentencing Based on Void Judgment Entry * * * in Violation of R.C. 2941.25 (Allied Offense)." We affirm the court's judgment.

{¶2} Walker was convicted in 1993 upon jury verdicts finding him guilty of aggravated murder, aggravated robbery, and kidnapping. He unsuccessfully challenged his convictions in direct appeals to this court and the Ohio Supreme Court, *State v. Walker*, 1st Dist. Nos. C-930461 and C-930465, 1994 Ohio App. LEXIS 3451 (Aug. 10, 1994), *appeal dismissed*, 73 Ohio St.3d 1434, 653 N.E.2d 393 (1995), and collaterally, in a petition pursuant to R.C. 2953.21 et seq. for postconviction relief, filed in 1996.

{¶3} In his "Motion for Modification of Sentence * * *," filed in 2012, he contended that because his offenses are allied offenses of similar import committed with the same conduct, the trial court could not, consistent with R.C. 2941.25, have imposed a sentence for each offense. In this appeal, Walker presents a single assignment of error, challenging the overruling of his motion. The challenge is untenable.

{¶4} Walker did not specify in his motion the statute or rule under which he sought postconviction relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Walker's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

2

{¶5}    But Walker filed his postconviction motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last postconviction claim; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶6}    The record before us does not, as it could not, demonstrate that, but for the claimed sentencing errors, no reasonable factfinder would have found Walker guilty of the offenses of which he was convicted. Because Walker satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Walker's postconviction motion. *See* R.C. 2953.23(A).

{¶7}    A court nevertheless has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the Ohio Supreme Court has not held that the imposition of a sentence in violation of R.C. 2941.25 renders a judgment of conviction void. *See State v. Lee*, 1st Dist. No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶8}    Upon our determination that the common pleas court properly denied Walker the relief sought in his postconviction motion, we overrule the assignment of error. Because the court had no jurisdiction to entertain Walker's motion on its merits, the motion was subject to dismissal. Accordingly, upon the authority of

3

App.R. 12(A)(1)(a), we modify the judgment from which Walker has appealed to reflect the dismissal of the motion. And we affirm the judgment as modified.

Affirmed as modified.

HILDEBRANDT, J., concurs.
CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶9} I concur in the majority's holding that the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Walker's "Motion for Modification of Sentence * * * ." But I respectfully dissent from its determination that the court lacked jurisdiction to entertain his allied-offenses claim because a sentence imposed in violation of R.C. 2941.25 is not void. For the reasons set forth in my concurring and dissenting opinion in *State v. Lee*, 1st Dist. No. C-120307, 2013-Ohio-1811, ¶ 21-30, I would instead hold that the common pleas court had jurisdiction to entertain the claim because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time. But I would ultimately affirm the denial of the relief sought, because R.C. 2941.25 authorized the trial court to impose a sentence for each offense, when the record shows that the offenses were committed separately.

{¶10} And based on the conflict noted in *Lee*, I would, upon the authority conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.

Please note:

The court has recorded its entry on the date of the release of this opinion.

4