[Cite as *State v. King*, 2015-Ohio-3565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-140534 |
| | | C-140535 |
| Plaintiff-Appellant, | : | TRIAL NOS. B-0808064 |
| | | B-1205210 |
| vs. | : | |
| DARRYL KING, | : | *O P I N I O N.* |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 2, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender*,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant Darryl King has appealed the trial court's judgments overruling his motions to withdraw his guilty pleas to two separate counts of failing to verify his address. We reverse the trial court's judgments.

### *Facts and Procedure*

{¶2} On March 8, 2004, in a Lapeer County, Michigan family court, King, who was 14 years old and a resident of Ohio, was charged with two counts of criminal sexual conduct in the first degree with a juvenile younger than 13. The conduct had occurred while King had been on vacation for two days in Michigan. On May 5, 2004, King accepted a pretrial settlement agreement to a reduced charge of a single count of criminal sexual conduct in the third degree. The agreement noted that King had to register "under SORA." The judgment of conviction did not require King to register as a sex offender.

{¶3} Five months later, someone from the Lapeer County, Michigan prosecutor's office faxed to the Hamilton County sheriff a copy of the settlement agreement, along with a note stating that King had not yet been sentenced, but had been required by the Michigan judge to register as a sex offender. The express purpose of the fax was to "get him registered as a sex offender."

{¶4} On July 14, 2005, the sentencing hearing was held. King was sentenced to 337 days' incarceration, with credit for 337 days served. The sentencing entry noted that King "shall be registered as a sexual offender in the state of Ohio," but the box indicating that registration was complete was not checked.

{¶5} On October 14, 2008, in the case numbered B-0808064, King was indicted for failing to provide periodic address verification. He pleaded guilty to a fourth-degree felony and was sentenced to two years of community control. A

community-control violation for failing to verify was filed in 2012. King's community control was terminated, and he was sentenced to six months' incarceration. On August 3, 2012, in the case numbered C-1205210, King was indicted for failing to provide periodic address verification. He pleaded guilty and was sentenced to 12 months' incarceration, consecutive to the sentence imposed in the case numbered B-0808064. On June 26, 2014, King filed a "Motion to Withdraw Plea and Dismiss the Charge" in each case. The trial court denied the motions. King has appealed.

### *Analysis*

{¶6} King's sole assignment of error alleges that the trial court erred in overruling his motions to withdraw his pleas where they were not knowing, voluntary or intelligent, because counsel had been ineffective in wrongly advising King about his duty to register in Ohio. King argues that because he had no legal duty to register as a sex offender in Michigan, he has no duty to register in Ohio.

{¶7} In *State v. Ferguson*, 1st Dist. Hamilton No. C-140368, 2015-Ohio-1463, ¶ 7, quoting *State v. Shirley*, 1st Dist. Hamilton No. C-130121, 2013-Ohio-5216, ¶ 8, we stated,

> Crim.R. 32.1 provides that a trial court may permit a defendant to withdraw a guilty plea after sentence "to correct manifest injustice." Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 8 (1st Dist.). "A manifest injustice has been defined as a 'clear or openly unjust act,' evidenced by an extraordinary and fundamental flaw in a plea proceeding." *State v. Tekulve,* 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *State ex rel. Schneider v.*

3

*Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and *Smith* at 264.

{¶8}   Under Megan's Law, Ohio's sex-offender-registration statutes were applicable to out-of-state offenders by operation of former R.C. 2950.04(A)(3). Former R.C. 2950.04(A)(3) provided that a person who had been convicted of or pleaded guilty to committing a sexually oriented offense in another state was required to register as a sex offender in Ohio if, at the time the offender moved to and resided in or temporarily was domiciled in Ohio, the offender had "a duty to register as a sex offender or child-victim offender under the law of that other jurisdiction as a result of the conviction, guilty plea, or adjudication."  A person who has been convicted in a jurisdiction outside Ohio for a sexually oriented offense has a duty to register in Ohio only if he had a duty to register in that other jurisdiction as a result of the conviction.  *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 46; *State v. McMullen*, 8th Dist. Cuyahoga Nos. 97475 and 97476, 2012-Ohio-2629, ¶ 19, citing *Lloyd* at ¶ 46.

{¶9}   In *State v. Lloyd*, the Ohio Supreme Court set aside Lloyd's convictions for failing to register and failing to provide written notice of intent to reside.  Lloyd, who had been born in Ohio and had moved to Texas "because of military duties," was convicted in Texas of aggravated sexual assault, which was substantially equivalent to rape in Ohio, and was sentenced to seven years in prison. He moved to Ohio in 2005 and began to register as a sexually oriented offender.  He was subsequently convicted of failing to register and failing to provide notice of intent to move.  The Supreme Court set aside his convictions because the state had failed to prove that, when Lloyd moved to Ohio, he was under a duty to register in Texas as a result of his conviction there for aggravated sexual assault.  *Lloyd* at ¶ 58. The court stated, "This case highlights the reasons why a court cannot assume that a

4

defendant is under a duty to register merely because law enforcement claims that he is." *Id.* at ¶ 56.

{**¶10**} At the time King committed his offense, Michigan's sex-offender-registration statute applied only to sex offenders "who [were] domiciled or temporarily reside[d] in this state for 14 or more consecutive days, who work[ed] * * * or [were] students in this state for 14 or more consecutive days, or who [were] domiciled, reside[d], or work[ed] * * * or [were] students in this state for 30 or more total days in a calendar year[.]" Former Mich.Comp.Laws 28.723.[1] The Michigan sex-offender-registration law did not apply to King, who was vacationing in Michigan for only two days at the time of the offense. The Michigan family court could not have ordered King to register under Michigan law, because it had no statutory authority to do so. The sentencing entry states that King "[s]hall be registered as a sexual offender in the state of Ohio." But the Michigan court had no authority to circumvent the Ohio registration statutes, which required only those out-of-state offenders subject to registration in the jurisdiction where they committed their crimes to register as sex offenders in Ohio. *See* former R.C. 2950.04(A)(3); *Lloyd* at ¶ 46. Because King had no duty to register in Michigan, he had no duty to register in Ohio. *See id.*

{**¶11**} The record does not reveal what advice counsel gave King or what conversations took place between King and his counsel at the time he entered his pleas. But it is clear from the record that King does not have a duty to register in Ohio as a sex offender and thus could not have been convicted of violating that duty.

---

[1] Michigan amended its law to require nonresidents who commit sex offenses in Michigan to register, but the law applies only to those convicted of a sex offense in Michigan on or after July 1, 2011. *See* Mich.Comp.Laws 28.723.

Therefore, he could not have knowingly or intelligently pleaded guilty to failing to verify his address.

{¶12}  Based on the record before us, we hold that King has demonstrated a manifest injustice, and therefore, the trial court abused its discretion in overruling his motions to withdraw his pleas.

### *Conclusion*

{¶13}  The assignment of error is sustained.  The judgments of the trial court overruling King's motions to withdraw his pleas are reversed.  We remand with instructions to the trial court to permit King to withdraw his pleas and for further proceedings consistent with law and this opinion.

Judgments reversed and cause remanded.

**HENDON, P.J.,** and **MOCK, J.,** concur.


Please note:

The court has recorded its own entry this date.