[Cite as *State v. Walker*, 2020-Ohio-814.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190242 |
| | | TRIAL NO. B-9207726-A |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| LEONARD WALKER, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part and Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 6, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Leonard Walker*, pro se.

Per Curiam.

**{¶1}** Defendant-appellant Leonard Walker appeals the Hamilton County Common Pleas Court's judgment denying the relief sought in his 2019 "Motion for Resentencing." We affirm the denial of resentencing, but reverse and remand for correction of a clerical error in the judgment of conviction.

**{¶2}** Walker was convicted in 1993 of aggravated murder, aggravated robbery, and kidnapping. He unsuccessfully challenged his convictions on direct appeal, *State v. Walker*, 1st Dist. Hamilton Nos. C-930461 and C-930465, 1994 WL 416438 (Aug. 10, 1994), *appeal not accepted*, 73 Ohio St.3d 1434, 653 N.E.2d 393 (1995), and in postconviction motions filed in 2012, 2013, and 2019. *See State v. Walker*, 1st Dist. Hamilton No. C-140125 (October 24, 2014); *State v. Walker*, 1st Dist. Hamilton No. C-130732 (June 4, 2014); *State v. Walker*, 1st Dist. Hamilton No. C-120549, 2013-Ohio-1967.

**{¶3}** In the 2019 motion from which this appeal derives, Walker presented two claims for relief. He sought resentencing on the ground that the trial court, by imposing in the judgment of conviction sentences for aggravated robbery and kidnapping that were different than the sentences pronounced at the sentencing hearing, denied him the due-process right to be present at all critical stages of his trial, as conferred by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10, of the Ohio Constitution and embodied in Crim.R. 43(A). *See State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983). And he sought correction of his judgment of conviction to accurately reflect who had served as his trial counsel.

{¶4}     In this appeal from the overruling of his 2019 motion, Walker presents three assignments.  In his first assignment of error, he asserts that the common pleas court abused its discretion in overruling the motion.  In his second and third assignments of error, he essentially restates claims advanced in the motion.  We read the assignments of error together as challenging the denial of the relief sought in the motion.  And we find that challenge to be well taken in part.

## Law of the Case

{¶5}     The common pleas court was precluded under the doctrine of the law of the case from granting relief in the form of a new sentencing hearing based on the alleged violation of Walker's due-process/Crim.R. 43(A) right to be present at all critical stages of his trial.  Walker had, in 2013, moved for resentencing on grounds including the imposition in the judgment of conviction of aggravated-robbery and kidnapping sentences different than the sentences stated at the sentencing hearing.  On appeal, this court affirmed the overruling of that motion.  We determined that the motion was reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition.  But we held that the common pleas court had no jurisdiction to entertain the motion, because the motion did not satisfy the jurisdictional requirements of the postconviction statutes, and because the alleged errors, even if demonstrated, would not have rendered Walker's sentences void.  *State v. Walker*, 1st Dist. Hamilton No. C-140125 (October 24, 2014).

{¶6}     Under the doctrine of "the law of the case," a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels," and thus,

an inferior court confronted with substantially the same facts and issues involved in a prior appeal is bound by the superior court's determination of those issues. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 9-11 (1st Dist.). Consequently, under the doctrine of the law of the case, our 2014 decision in the case numbered C-140125 constrained the common pleas court from granting Walker the relief sought in his 2019 motion upon his due-process/Crim.R. 43(A) claim.

### *Authority to Correct Clerical Error*

{¶7} Walker was, however, entitled to relief based on the misidentification in his judgment of conviction of James G. Keys, Jr., as his trial counsel, when the record shows that Louis H. Bolce served as counsel. Crim.R. 36 authorizes a court to "correct[] * * * at any time" "clerical mistakes in judgments." The rule thus authorized the common pleas court to grant the relief sought in Walker's 2019 motion in the form of a judgment of conviction nunc pro tunc to the date of the original judgment of conviction, correcting what was plainly a clerical error in the original judgment concerning trial counsel. We, therefore, hold that the court erred in declining to exercise that authority to do so.

### *Affirmed in Part and Reversed in Part*

{¶8} The common pleas court erred in declining to grant the relief sought in Walker's motion based on the misidentification of trial counsel in his judgment of conviction. We, therefore, sustain in part the first assignment of error, reverse in part the judgment overruling his motion, and remand for correction of the judgment of conviction in accordance with the law and this opinion.

**{¶9}** But the common pleas court had no jurisdiction to grant Walker the relief sought in his motion upon his due-process/Crim.R. 43(A) claim. We, therefore, overrule the balance of the assignments of error and affirm that portion of the court's judgment overruling the motion.

Judgment affirmed in part and reversed in part, and cause remanded.

**MOCK, P.J., ZAYAS** and **BERGERON, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.