[Cite as *State v. MacDonald*, 2021-Ohio-599.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                        :          APPEAL NO. C-190684
                                                 TRIAL NO. B-1703187
    Plaintiff-Appellee,          :

  vs.                               :
                                                 *O P I N I O N.*
BRENDAN MACDONALD,                    :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 5, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stagnaro, Hannigan, Koop, Co. LPA* and *Michaela Stagnaro,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Brendan MacDonald appeals the consecutive sentences imposed during his resentencing hearing.  In his sole assignment of error, he contends that the trial court erred by improperly resentencing him.  Specifically, he argues that the court did not make the appropriate findings or engage in the proper analysis in imposing consecutive sentences.  For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2}    On February 22, 2018, Brendan MacDonald was convicted of five counts of attempted murder and two counts of felonious assault all with specifications.  MacDonald was accused of "fir[ing] a gun into his neighbor's yard, and then engag[ing] in a shootout with the responding police officers outside of his home." *State v. MacDonald,* 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 1 ("*MacDonald I*").  In his direct appeal, this court affirmed the convictions but vacated the sentence after finding that the trial court failed to make a finding pursuant to R.C. 2929.14(C)(4).  *Id.* at ¶ 66.  We vacated the consecutive sentences and "remanded for a new sentencing hearing on that issue alone." *Id.*

{¶3}    On October 23, 2019, the trial court resentenced MacDonald.  At the hearing, MacDonald's counsel referenced R.C. 2929.14(C) and reminded the court that the remand was directed toward that specific finding.

{¶4}    R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive

2

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶5} Then, MacDonald argued that of the three subsections, two did not apply. The first subsection did not apply because MacDonald was not on post-release control or community service at the time of the offenses. The last one did not apply because MacDonald did not have a meaningful prior criminal history. MacDonald then directed the court to subsection (b) and argued that the record did not support this finding because no one was actually shot or seriously injured and

the harm caused was insignificant compared to the harm caused in other situations. MacDonald requested that the court impose concurrent sentences. MacDonald made the same argument at his initial sentencing hearing.

{¶6} The court declined, finding that "it was a flat miracle nobody was killed." The court further stated that, "I'm going to make these findings, which the court of appeals [ ] required that I do." The court found consecutive sentences "was necessary to protect the public and/or punish the offender, and is not disproportionate to the seriousness of the offender's conduct, and the danger that the offender poses to the public." The court then made the finding that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct. The trial court reiterated, "It was a miracle nobody was killed."

## Law and Analysis

{¶7} MacDonald argues that consecutive sentences were not necessary to protect the public because his conduct was due to a mental breakdown and was out of character for MacDonald, and he had no prior history of this kind. MacDonald further argues that the sentences were disproportionate to the seriousness of the conduct.

{¶8} MacDonald made this exact argument on direct appeal, and this court found:

At the sentencing hearing, the trial court made two out of the three mandatory consecutive sentence findings pursuant to R.C. 2929.14(C)(4). The court said that consecutive sentence[s are] necessary to protect the public and [are] not disproportionate to the

seriousness of the offender's conduct and the danger he poses to the public. The court was then required to make a finding under subsection (a), (b), or (c), but failed to do so.

*MacDonald I* at ¶ 58.

{¶9} This court has already determined that the record supported those findings. *See id.* To the extent MacDonald challenges this court's prior decision, his arguments lack merit under the law-of-the-case doctrine. *See State v. Paulo*, 1st Dist. Hamilton No. C-060969, 2007-Ohio-4316, ¶ 6; *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 10 (1st Dist.) ("Under the doctrine of the law of the case, a decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.") (Citation omitted.).

{¶10} When reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶11} The trial court must make the statutory findings at the sentencing hearing, which means that " 'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.' " *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court is not, however, required to

state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶12} In this case, when making the requisite finding under R.C. 2929.14(C)(4), the trial court found that the harm was so great that no single prison term adequately reflected the seriousness of the offense. And a review of the record supports the court's finding. As this court explained in *MacDonald I*:

> On three separate occasions [MacDonald] fired at police despite multiple warnings and commands by police. All of the officers, except Celender, testified that MacDonald pointed the gun at them and fired at them. Their testimonies were consistent and backed up by dash and body camera footage. Celender also testified that MacDonald told him, "I'm gonna kill you cops, I'm gonna kill all of you."

*MacDonald I* at ¶ 16.

{¶13} The trial court stated the necessary findings for consecutive sentences at the hearing and made the requisite finding under R.C. 2929.14(C)(4)(b), and the trial court incorporated the consecutive-sentencing findings into the sentencing entry. Accordingly, we overrule MacDonald's sole assignment of error.

## Conclusion

{¶14} The trial court did not err in imposing consecutive sentences, and we affirm the trial court's judgment.

Judgment affirmed.

**MYERS** and **BERGERON, JJ.,** concur.

6

Please note:

The court has recorded its own entry this date.