DECISION. *Page 2 
{¶ 1} On October 27, 2006, we issued a decision and judgment reversing the trial court's denial of defendant-appellant Ledon Spurling's Crim.R. 32.1 motion to withdraw his guilty plea. Our decision was based on the presumption that Spurling was not afforded a hearing on his motion, as is required, and the state has now supplemented the record to demonstrate that such a hearing took place. When we granted the state's App.R. 26(A) motion for reconsideration on November 29, we allowed the state to supplement the record and granted both Spurling and the state time to file supplemental briefs. We now substitute this decision for the previous one.
 I. A Guilty Plea and Then a Change of Mind {¶ 2} Spurling was charged with trafficking in cocaine,[1] a third-degree felony, and possession of cocaine,[2] a fourth-degree felony. On November 9, 2005, Spurling entered into a plea agreement where he agreed to plead guilty to an amended count of possession of cocaine, a third-degree felony, and to have the second count dismissed. The agreed sentence was two years.
 {¶ 3} On the same day that Spurling entered into the plea agreement, the trial court properly reviewed all the constitutional rights Spurling was waiving by entering his plea. The trial court did not impose the sentence at the end of this hearing. Instead, the court scheduled sentencing for January 6, 2006.
 {¶ 4} Before the trial court could impose sentence, Spurling moved to withdraw his guilty plea under Crim.R. 32.1. The trial court overruled Spurling's *Page 3 
motion. While the record before us initially appeared as though no hearing had ever taken place and that the trial court simply overruled Spurling's motion, we now know that the trial court did afford Spurling a hearing on his Crim.R. 32.1 motion.
 {¶ 5} Spurling hired another attorney, and that attorney again moved to withdraw the guilty plea. The trial court discussed the second motion at sentencing, but overruled it as "redundant." The court further stated that "there is no way under the rules that you can file a second motion to withdraw your plea and just keep coming back changing your reasons." The court then imposed the agreed sentence.
 {¶ 6} Spurling now appeals, claiming that (1) the trial court erred by overruling his motion to withdraw his guilty plea; (2) his sentence was supported by unconstitutional judicial findings requiring that he be resentenced under State v. Foster;[3] (3) the trial court erred by amending the indictment; and (4) his trial counsel was ineffective.
 II. Crim.R. 32.1 Motion to Withdraw Guilty Plea {¶ 7} In his first assignment of error, Spurling argues that the trial court erred by denying his Crim.R. 32.1 motion to withdraw his guilty plea. Spurling claims that he did not understand that his plea agreement was substituting a third-degree possession charge for the original count one — trafficking in drugs, a third-degree felony.
 {¶ 8} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Page 4 
 {¶ 9} The rule provides a standard to evaluate post-sentence motions to withdraw a guilty plea — manifest injustice. But the rule does not provide a standard for presentence motions such as this one. To resolve this question, the Ohio Supreme Court has analogized Crim.R. 32.1 to its federal counterpart, Fed.R.Crim.P. 32(d).[4] In doing so, the court concluded that the decision to grant or deny a defendant's Crim.R. 32.1 motion is within the sound discretion of the trial court. "One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."[5] An abuse of discretion connotes an arbitrary, unreasonable, or unconscionable decision by the trial court.[6] Unreasonable means that no sound reasoning process supports the decision.[7]
 {¶ 10} But the Ohio Supreme Court also has construed Crim.R. 32.1 so that "a presentence motion to withdraw a guilty plea should be freely and liberally granted."[8] This creates an anomaly — a motion that should be freely and liberally granted, yet the denial of which is reviewed under an abuse-of-discretion standard. And as we have recognized before, "the myriad pronouncements of the appellate courts that these motions should be `liberally and freely' granted lose some meaning, if the standard is `abuse of discretion' with no guidelines whatever."[9]
 {¶ 11} Nevertheless, the Ohio Supreme Court has stated that "it must be recognized that a defendant does not have an absolute right to withdraw a plea prior *Page 5 
to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."[10]
 {¶ 12} In the present case, we have now been alerted that the trial court did conduct a Crim.R. 32.1 hearing. After reviewing this hearing, we cannot conclude that the trial court abused its discretion in denying Spurling's motion when various factors weighed heavily in favor of denying the motion. Spurling was given a full Crim.R. 11 colloquy and affirmatively waived his constitutional rights knowingly and intelligently by entering his guilty plea. He stated that he understood that the trafficking charge was being amended to a possession charge, that the second count — a possession charge — would be dismissed, and that he had entered into an agreed sentence of two years. Furthermore, the trial court gave full and fair consideration to his motion to withdraw.
 {¶ 13} Accordingly, Spurling's first assignment of error is overruled.
 III. An Agreed Sentence {¶ 14} In his second assignment of error, Spurling argues that the trial court sentenced him after making factual findings that the Ohio Supreme Court found unconstitutional in State v. Foster.[11] But when Spurling entered his guilty plea, he also submitted to an agreed sentence.
 {¶ 15} We have limited ability to review agreed sentences. We recently stated in State v. Simmons that, "[u]nder R.C. 2953.08(D), an agreed sentence is not subject to appellate review if it is authorized by law. A sentence is authorized by law if it is within the statutory range of possible sentences and does not exceed the maximum term authorized for the offense. This statute prevents an appellate court *Page 6 
from reviewing any agreed sentence as long as it is within the statutory range, even if [it] implicates Foster."[12] And as the Ohio Supreme Court observed, in enacting R.C. 2953.08(D) "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate."[13]
 {¶ 16} In the present case, Spurling's sentence was authorized by law. He agreed to two years' incarceration for possession of cocaine, a third-degree felony. His prison term was within the statutory range of one to five years for a third-degree felony. Thus, Spurling's second assignment is overruled.
 IV. Amending the Indictment {¶ 17} Spurling has also submitted two assignments of error in addition to his appellate counsel's brief, arguing (1) that the trial court erred by amending the first count of the indictment; and (2) that he was denied effective assistance of counsel when his counsel allowed the trial court to amend the indictment without objection. Both are without merit.
 {¶ 18} Crim.R. 7(D) provides that "[t]he court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
 {¶ 19} Here, Spurling entered into a plea agreement where he would plead guilty to the new count one — possession of cocaine — in exchange for an agreed sentence of two years. He waived his ability to challenge the amended indictment when he entered into the plea agreement for the agreed sentence of two years. A *Page 7 
defendant can not invite error. And Spurling is already getting the benefit of the bargain of a two-year prison term instead of the possible six and a half years that could have resulted from a conviction on the two original charges.
 {¶ 20} Thus, Spurling's third assignment of error is overruled.
 V. Ineffective Assistance of Counsel {¶ 21} Finally, Spurling argues that his trial counsel was ineffective for failing to object to the amendment of the indictment. Spurling argues that his trial counsel allowed him to plead guilty to a third-degree felony of possession when he had possessed only a fourth-degree-felony level of crack cocaine — 1.35 grams.
 {¶ 22} In Strickland v. Washington, the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel.[14] The defendant must show that counsel's representation fell below an objective standard of reasonableness, overcoming a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[15] And the defendant must show that counsel's performance prejudiced the defense so as to have deprived the defendant of a fair trial.[16] To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[17]
 {¶ 23} While we agree with Spurling that possessing 1.35 grams of crack cocaine is only a fourth-degree felony under R.C.2925.11(C)(4)(b), we cannot conclude that his trial counsel was ineffective. Spurling's trial counsel negotiated a plea agreement in which the first count of the indictment, trafficking in crack *Page 8 
cocaine, a third-degree felony, was amended to possession of crack cocaine, a third-degree felony, and the second count of the indictment, possession of crack cocaine, a fourth-degree felony, was dismissed. There was an agreed sentence of two years' incarceration. Spurling was afforded a full Crim.R. 11 colloquy and agreed to plead guilty in exchange for the agreed sentence.
 {¶ 24} Spurling's fourth assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment. *Page 9 
[1] R.C. 2925.03(A)(2).
[2] R.C. 2925.11(A).
[3] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[4] See State v. Xie (1991), 62 Ohio St.3d 521, 526,584 N.E.2d 715.
[5] Id.
[6] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[7] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597;State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[8] Xie, 62 Ohio St.3d 521, 526, 584 N.E.2d 715, citing State v.Peterseim (1980), 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863.
[9] See State v. Fish (1995), 104 Ohio App.3d 236, 239,661 N.E.2d 788.
[10] Xie, 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[11] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[12] See State v. Simmons, 1st Dist. No. C-050817,2006-Ohio-5760.
[13] See State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095,829 N.E.2d 690, at ¶ 25.
[14] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052
[15] Id. at 687-688.
[16] Id.
[17] Id. at 694. *Page 1