[Cite as *State v. Spurling*, 2020-Ohio-3792.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-190629
                                                   TRIAL NO. B-0504690
    Plaintiff-Appellee,             :

  vs.                                   :          *O P I N I O N.*

LEDON SPURLING,                         :

    Defendant-Appellant.            :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:    July 22, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ledon Spurling*, pro se.

**ZAYAS, Judge.**

{¶1}  Defendant-appellant Ledon Spurling appeals the judgment of the Hamilton County Common Pleas Court dismissing for lack of jurisdiction his 2019 "Motion to Vacate Void Judgment."  We affirm the court's judgment.

*Procedural Posture*

{¶2}  In 2005, Spurling was charged in a two-count indictment with trafficking in and possession of 1.35 grams of crack cocaine.  Count one, charging third-degree-felony trafficking, was subsequently amended to charge third-degree-felony possession.  And on November 9, 2005, Spurling executed a form withdrawing his not-guilty pleas, pleading guilty to count one as amended, and agreeing to a two-year prison term.  The trial court accepted his guilty plea in conformity with Crim.R. 11, found him guilty of third-degree-felony possession as charged in amended count one, and set a date for sentencing.

{¶3}  Before sentencing, Spurling twice moved under Crim.R. 32.1 to withdraw his guilty plea.  The first motion did not state the ground upon which relief was sought.  The trial court overruled that motion following a hearing.  The second motion alleged that Spurling had entered his guilty plea under the mistaken belief that he was pleading guilty to fourth-degree-felony possession, and that a one-year prison term had been "discussed."  The trial court addressed that motion at sentencing, deemed it "redundant," and entered judgment overruling the motion. The court then imposed the agreed two-year prison sentence for third-degree-felony possession as charged in amended count one of the indictment and dismissed fourth-degree-felony possession as charged in count two.

{¶4} We affirmed Spurling's conviction on direct appeal, overruling assignments of error challenging count one's amendment, trial counsel's failure to object to that amendment, the overruling of the presentence Crim.R. 32.1 motions, and the imposition of the agreed sentence. *State v. Spurling*, 1st Dist. Hamilton No. C-060087, 2007-Ohio-858. In doing so, we acknowledged that possession of 1.35 grams of crack cocaine constituted fourth-degree-felony possession, as charged in count two of the indictment. But we held that the trial court did not abuse its discretion in overruling Spurling's Crim.R. 32.1 motions to withdraw his guilty plea to third-degree-felony possession as charged in amended count one, and that trial counsel had not been constitutionally ineffective, because the trial court had afforded the Crim.R. 32.1 motions full and fair consideration and had accepted the plea following a Crim.R. 11 hearing, during which Spurling affirmatively waived his constitutional rights and expressly acknowledged his understanding that the count-one trafficking charge had been amended to a possession charge, and that he was pleading guilty to that charge in exchange for a two-year prison term and dismissal of the count-two possession charge. *Id.* at ¶ 12 and 23.

{¶5} Spurling also challenged his conviction by filing with the common pleas court an array of postconviction motions. In his 2019 "Motion to Vacate Void Judgment," from which this appeal derives, Spurling advanced two claims. He asserted that his conviction for third-degree-felony possession violated his constitutional right to an indictment, because that offense had not been charged in the indictment. And he asserted that under R.C. 2945.75, he could only have been found guilty of and sentenced for the least degree of the offense, fourth-degree-felony possession, because the indictment charged only fourth-degree-felony possession, the

3

laboratory report reflected possession of 1.35 grams, not the 5-to-10 grams necessary to elevate his offense to a third-degree felony, and neither amended count one nor the judgment of conviction alleged an additional element to elevate the offense to a third-degree felony. The common pleas court dismissed Spurling's "Motion to Vacate Void Judgment," upon its determination that he had failed to satisfy the jurisdictional requirements for a late postconviction petition.

{¶6} In this appeal from that judgment,[1] Spurling presents four assignments of error. He asserts that he was denied due process, when the common pleas court "converted his motion to a postconviction petition," failed to conduct a hearing on the motion, and granted the state, and denied him, "summary judgment" on the motion. The assignments of error may fairly be read to challenge the dismissal of the motion without an evidentiary hearing. We, therefore, address the assignments of error together. And we overrule them, upon our determination that the common pleas court properly dismissed the motion without an evidentiary hearing, because the court had no jurisdiction to entertain the motion.

*No Jurisdiction to Entertain Motion*

{¶7} The Ohio Supreme Court has long recognized, and recently reaffirmed, that when a court is confronted with a motion that does not designate a statute or rule under which the relief sought may be granted, the court may "recast" that motion "in whatever category necessary to identify and establish the criteria by which the motion

---

[1]Two days later, the common pleas court filed a second entry, "den[ying]" the motion on the grounds that the motion lacked merit and the court lacked jurisdiction to grant relief after this court had affirmed Spurling's conviction in the direct appeal. The second entry, filed after the common pleas court had entered the final order from which this appeal ensued, and thus after that court had lost jurisdiction to decide the motion, constituted a legal nullity. *See Farris v. State*, 1 Ohio St. 188, 189 (1853) (applying the fundamental principle that a judgment of a court acting without jurisdiction is a "nullity").

4

should be judged." *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus (holding that a motion seeking relief from a criminal conviction, filed subsequent to the direct appeal, may be "recast * * * as a petition for postconviction relief [even] when the motion has been unambiguously presented as a Civ.R. 60(B) motion"); *accord State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 15 (citing *Schlee* to hold that the common pleas court properly recast as a postconviction petition a motion seeking an order vacating movant's sentence on constitutional grounds).

{¶8} In his "Motion to Vacate Void Judgment," Spurling asked the common pleas court to vacate his conviction for third-degree-felony cocaine possession on the grounds that that conviction violated (1) his constitutional right to an indictment, and (2) his statutory right, secured under R.C. 2945.75, to be sentenced for the least degree of the charged offense of possession. On appeal, he asserts that the motion was not, as the common pleas court concluded, reviewable under R.C. 2953.21 et seq., governing petitions for postconviction relief, but should instead have been reviewed under Crim.R. 32.1, governing motions to withdraw a guilty or no-contest plea. But Spurling did not cite Crim.R. 32.1 in his motion or seek by his motion the relief afforded by that rule. Nor did he designate in the motion any other rule or statute under which the relief sought may have been afforded. Consequently, the common pleas court was left to determine the appropriate criteria for deciding the motion. *See Schlee* at ¶ 12 and syllabus.

{¶9} *No jurisdiction to entertain late postconviction right-to-indictment claim.* A common pleas court may grant relief from a conviction under the postconviction statutes upon proof of a constitutional violation during the

5

proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Thus, a motion filed after the direct appeal, seeking an order vacating or correcting a judgment of conviction based on a constitutional violation, is reviewable under the postconviction statutes. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *accord Schlee* at ¶ 12 (following *Reynolds* to construe a Civ.R. 60(B) motion for relief from judgment as a petition for postconviction relief); *Parker* at ¶ 15-17 (citing *Reynolds* and *Schlee* to hold that the common pleas court properly recast as a postconviction petition a motion seeking an order vacating movant's sentence on constitutional grounds).

**{¶10}** Spurling's postconviction claim that his conviction for third-degree-felony cocaine possession violated his constitutional right to an indictment alleged a constitutional violation during the proceedings resulting in his conviction. *See* Fifth Amendment to the United States Constitution; Article I, Section 10, Ohio Constitution (conferring the right to be tried only upon a grand-jury indictment). That claim was, therefore, reviewable by the common pleas court under the standards provided by the postconviction statutes.

**{¶11}** But Spurling filed his motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing his petition had expired. And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable

6

factfinder would have found [him] guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(1).

{¶12} Spurling failed to satisfy the jurisdictional requirements for entertaining his late postconviction right-to-indictment claim. He did not base that claim upon a new, retrospectively applicable right. Nor could he be said to have been unavoidably prevented from discovering the facts upon which the claim depended. Accordingly, his right-to-indictment claim was subject to dismissal without an evidentiary hearing. *See* R.C. 2953.23(A)(1) and 2953.21(F).

{¶13} *No jurisdiction to entertain R.C. 2945.75 claim.* The common pleas court also lacked jurisdiction to entertain Spurling's claim in his motion that convicting him of third-degree-felony possession, rather than fourth-degree-felony possession, violated R.C. 2945.75. That claim was not reviewable under the postconviction statutes, because Spurling did not have a constitutional right to be sentenced in conformity with R.C. 2945.75. Nor was the claim reviewable under Crim.R. 33, governing motions for a new trial, or under Crim.R. 32.1, governing motions to withdraw a guilty or no-contest plea, when Spurling was convicted not following a trial, but upon his guilty plea to third-degree-felony possession, and he did not seek to withdraw that plea. The claim was not reviewable under R.C. Chapter 2731, governing mandamus, under R.C. Chapter 2721, governing declaratory judgment, or under R.C. Chapter 2725, governing habeas corpus, because the motion in which the claim was advanced did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the claim under Civ.R.

60(B), because Spurling's conviction was reviewable under the procedures provided for a direct appeal.

{¶14} *No jurisdiction to correct judgment as void.* Finally, a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The Ohio Supreme Court in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, recently "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment," to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Id.* at ¶ 4-5 and 41-43. The court traced the roots of that "understanding" back to its 1857 decision in *Ex parte Shaw*, 7 Ohio St. 81 (1857), and through its decision, more than a century later, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Under the "traditional" rule,

> a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted. * * * Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant.

*Harper* at ¶ 21-22, quoting *Perry* at 178-179.

{**¶15**} "Subject-matter jurisdiction," the court noted, "refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Harper* at ¶ 23. Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 24-25. And a court has jurisdiction over any person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{**¶16**} Applying the traditional rule, we hold that Spurling's conviction was not void, because the trial court had personal and subject-matter jurisdiction. Spurling was properly before the court upon the return of an indictment charging the felony offenses of cocaine possession and trafficking. His counseled, knowing, voluntary, and intelligent guilty plea to count one of that indictment, as amended, waived his constitutional right to an indictment. *See Stacy* at 189. The trial court acted within its subject-matter jurisdiction in accepting his guilty plea to third-degree-felony possession, finding him guilty, and sentencing him for that offense to the agreed prison term of two years. *See Harper* at ¶ 41. And any error in the trial court's exercise of that jurisdiction would have rendered his conviction voidable, not void. *Harper* at ¶ 26; *see, e.g., Stacy* at 189 (holding that habeas corpus does not lie, because jurisdiction is not lost, when a defendant is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime); *Midling v. Perrini*, 14 Ohio St.2d 106, 236 N.E.2d 557 (1968), syllabus (holding that a judgment of conviction entered upon a counseled, knowing,

9

voluntary, and intelligent guilty plea "cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense").

{¶17} Spurling's conviction was not "void." Therefore, the common pleas court could not have afforded him, under its jurisdiction to correct a void judgment, the relief sought in his "Motion to Vacate Void Judgment."

*We Affirm*

{¶18} The common pleas court had no jurisdiction to entertain Spurling's "Motion to Vacate Void Judgment." Therefore, the court properly dismissed the motion without an evidentiary hearing. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.

10