[Cite as *State v. Merritt*, 2021-Ohio-3122.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200351 |
| | | TRIAL NO. B-1701287 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SHANNON MERRITT, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 10, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Shannon Merritt,* pro se.

**Bock, Judge**.

{¶1} Defendant-appellant Shannon Merritt appeals the Hamilton County Common Pleas Court's judgment dismissing his "Motion in Support of Petition to Vacate or Set Aside Void Sentence." We affirm the court's judgment.

## Procedural Posture

{¶2} In 2017, Merritt was convicted upon guilty pleas to felonious assault, rape, and kidnapping. The trial court imposed agreed prison terms totaling 11 years. We affirmed his convictions in the direct appeal because his guilty pleas were knowing, voluntary, and intelligent. *State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995.

{¶3} Merritt also challenged his convictions in his 2020 "Motion in Support of Petition to Vacate or Set Aside Void Sentence." In that motion, he sought relief from his convictions on two grounds. He asserted that his rape and kidnapping sentences are void because those offenses are allied offenses of similar import subject to merger under R.C. 2941.25. He further asserted that his sentences are void and contrary to law and that he was denied due process because the trial court did not make statutory sentencing findings or consider the statutory sentencing purposes and principles or seriousness and recidivism factors, as required by R.C. 2929.11, 2929.12 and 2929.14.

{¶4} In this appeal, Merritt presents a single assignment of error contending that the trial court erred in reviewing and dismissing the motion under R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief. We overrule the assignment of error because the trial court had no jurisdiction to grant the relief sought in the motion.

## Jurisdiction

{¶5} In his motion, Merritt did not designate a statute or rule under which the common pleas court may have afforded the relief sought. Thus, the court was left

to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

<u>Allied-offenses claim</u>

{¶6} Relief from a conviction may be granted under the postconviction statutes upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution protect against the imposition of multiple punishments for the same offense. Those protections are effectuated by R.C. 2941.25, which governs sentencing on multiple counts charged in the same indictment. *State v. Payne*, 1st Dist. Hamilton No. C-790257, 1980 WL 352849 (May 28, 1980). Thus, Merritt's postconviction allied-offenses claim sought relief from his convictions based on an alleged constitutional violation during the proceedings resulting in those convictions. Therefore, the trial court properly reviewed that claim under the standards provided by the postconviction statutes.

{¶7} But the allied-offenses claim was presented in a motion filed well after the time for filing a postconviction petition had expired. *See* R.C. 2953.21(A)(2). And Merritt failed to satisfy the R.C. 2953.23 jurisdictional requirements for filing a late postconviction claim because he did not show either that he had been unavoidably prevented from discovering the facts upon which his allied-offenses claim depended, or that that claim was based on a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the claim had expired. *See* R.C. 2953.23(A)(1)(a). Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Merritt's allied-offenses claim.

Statutory-violation claims.

{¶8}   Merritt, in his motion, also sought relief on the grounds that the trial court had sentenced him without making statutory findings or considering the statutory sentencing purposes and principles or seriousness and recidivism factors, as required by R.C. 2929.11, 2929.12 and 2929.14. Those claims did not allege constitutional violations and thus were not, as the trial court concluded, reviewable under the postconviction statutes. *See* R.C. 2953.21(A)(1); *State v. Littlepage*, 1st Dist. Hamilton Nos. C-170207 and C-170157, 2018-Ohio-2959, ¶ 5.

{¶9}   Nor did the trial court have jurisdiction to entertain those claims under any other postconviction procedure provided by statute or rule. The claims were not reviewable under Crim.R. 33, which governs motions for a new trial. The claims were not reviewable under Crim.R. 32.1, governing motions to withdraw a guilty or no-contest plea, because Merritt was convicted upon guilty pleas not following a trial and he did not seek by his motion to withdraw those pleas. The claims were not reviewable under R.C. Chapter 2731, governing mandamus, under R.C. Chapter 2721, governing declaratory judgment, or under R.C. Chapter 2725, governing habeas corpus, because the motion in which the claims were advanced did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the claims under Civ.R. 60(B), because Merritt's convictions were reviewable, and were reviewed, under the procedures provided for a direct appeal.

*Sentence was not void*

{¶10}   Finally, a court always has jurisdiction to correct a void sentence. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. A sentence is void if it was imposed by a court acting without personal and subject-matter jurisdiction. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4-6 and 41.

{¶11} In sentencing Merritt, the trial court had personal jurisdiction by virtue of his appearance before the court upon his indictment for felony offenses. And the trial court acted with subject-matter jurisdiction in imposing sentences upon finding him guilty of those offenses. Accordingly, the claimed sentencing errors, even if demonstrated, would not have rendered Merritt's sentences void.

*Judgment Affirmed*

{¶12} The common pleas court properly dismissed Merritt's postconviction allied-offenses claim for lack of jurisdiction under R.C. 2953.23. His statutory-violation claims were not reviewable under the postconviction statutes. But the court properly dismissed those claims for lack of jurisdiction, because the claims were not reviewable under any other postconviction procedure provided by statute or rule. *See State v. Peagler*, 76 Ohio St.3d 496, 668 N.E.2d 4897 (1996), paragraph one of the syllabus; *State v. Blankenship*, 38 Ohio St.3d 116, 119, 526 N.E.2d 816 (1988). *Accord State v. Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 WL 598397, *7 (Sept. 26, 1997) (affirming a lower court's judgment that was "right for the wrong reason"). Nor could the court have granted relief under its jurisdiction to correct a void sentence, because the alleged sentencing errors would not have rendered Merritt's sentences void. Accordingly, we affirm the court's judgment dismissing his "Motion in Support of Petition to Vacate or Set Aside Void Sentence."

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.