[Cite as *State v. Spurling*, 2021-Ohio-3748.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210002 |
| | | TRIAL NO. B-0504690 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LEDON SPURLING, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  Octoer 22, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ledon Spurling*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant LeDon Spurling appeals the judgment of the Hamilton County Common Pleas Court dismissing his "Motion to Vacate Void Judgment for Lack of Jurisdiction and Notice of the Charge Pursuant to Crim.R. 32.1." We affirm the court's judgment.

*Procedural Posture*

{¶2} In 2005, Spurling was charged in a two-count indictment with trafficking in and possession of 1.35 grams of crack cocaine. Count one charged third-degree-felony trafficking. Count two charged fourth-degree-felony possession. Under a plea agreement, the count-one third-degree-felony trafficking charge was amended to charge third-degree-felony possession, and Spurling pled guilty to count one as amended, in exchange for dismissal of the count-two fourth-degree-felony possession charge and an agreed two-year prison term. The trial court accepted his guilty plea in conformity with Crim.R. 11, found him guilty of third-degree-felony possession as charged in amended count one, and set a date for sentencing. Before sentencing, Spurling twice moved under Crim.R. 32.1 to withdraw his guilty plea. The trial court denied the motions and imposed the agreed two-year prison term.

{¶3} Spurling unsuccessfully challenged his conviction on direct appeal and in multiple postconviction motions. *See State v. Spurling*, 1st Dist. Hamilton No. C-060087, 2007-Ohio-858 (affirming conviction on direct appeal); *State v. Spurling*, 1st Dist. Hamilton No. C-190629, 2020-Ohio-3792 (affirming dismissal of postconviction motion to vacate conviction). In 2020, he filed with the common pleas court his "Motion to Vacate Void Judgment for Lack of Jurisdiction and Notice of the Charge Pursuant to Crim.R. 32.1." The court reviewed the motion under R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, and dismissed the motion because it was not timely filed and did not satisfy the jurisdictional requirements of R.C. 2953.23. This appeal followed.

*Crim.R. 32.1 Motion to Withdraw Guilty Plea*

{¶4}  On appeal, Spurling presents a single assignment of error contending that the common pleas court erred in dismissing his "Motion to Vacate Void Judgment for Lack of Jurisdiction and Notice of the Charge Pursuant to Crim.R. 32.1" under the postconviction statutes and in denying relief under Crim.R. 32.1. The assignment of error is well taken in part.

{¶5}  *Not a postconviction petition.*  We agree that the motion was not reviewable under the postconviction statutes.  In *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, the Supreme Court of Ohio held that when a court is confronted with a motion that does not designate a statute or rule under which the relief sought may be granted, the motion may be "recast" into "whatever category necessary to identify and establish the criteria by which the motion should be judged."  *Id.* at ¶ 12 and syllabus; *accord State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 15 (reaffirming the rule of *Schlee* to hold that a motion to vacate a sentence on constitutional grounds was properly recast as a postconviction petition).  But the court in *Schlee* went on to reaffirm its holding in *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, that a postsentence Crim.R. 32.1 motion to withdraw a guilty or no-contest plea may not be recast as a postconviction petition, because Crim.R. 32.1 and the postconviction statutes provide alternative remedies.  *Schlee* at ¶ 13; *Bush* at ¶ 12-14.

{¶6}  Under Crim.R. 32.1, a court may, after sentencing, "set aside a judgment of conviction and permit the defendant to withdraw his or her [guilty or no-contest] plea" upon a showing of "manifest injustice."  *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  In his motion, Spurling unambiguously invoked Crim.R. 32.1.  And he argued that vacating his conviction upon his unknowing, involuntary, and unintelligent guilty plea to third-degree-felony possession was necessary to correct a manifest injustice.  Therefore,

the common pleas court improperly reviewed and decided the motion under the postconviction statutes.

{¶7} *The law of the case.* But under the doctrine of the "law of the case," the common pleas court could not have afforded Spurling the relief sought in his motion upon the grounds asserted. Therefore, the court properly denied the motion, albeit for the wrong reason.

{¶8} In his 2020 Crim.R. 32.1 motion, Spurling asserted that his conviction was "void" because the trial court lacked subject-matter jurisdiction to convict him of third-degree-felony possession. He argued that amending count one of his indictment to charge third-degree-felony possession violated Crim.R. 7(D) and R.C. 2941.30, by changing the name and identity of the count-one trafficking offense, by charging an offense that was not a lesser-included offense of the count-one trafficking offense, and by increasing the degree of the count-two possession offense. He argued that the amendment denied him his constitutional rights to an indictment and to notice of the charges against him. He argued that his trial counsel had been ineffective in advising him to plead guilty to third-degree-felony possession, because the trial court had no jurisdiction to convict him of that offense, and because evidence of his possession of 1.35 grams of crack would have sustained a conviction for fourth-degree-felony possession as charged in count two, but not third-degree-felony possession as charged in amended count one. And he argued that he had been denied due process, when the trial court accepted his guilty plea without ascertaining that the plea had been made knowingly, voluntarily, or intelligently and with an understanding of the nature of the charges involved, as required by Crim.R. 11(C)(2).

{¶9} Spurling first challenged the knowing and intelligent nature of his guilty plea in his two presentence Crim.R. 32.1 motions to withdraw his plea. He argued that he had entered the plea under the mistaken notion that he was pleading guilty to fourth-degree-felony possession as charged in count two of the indictment. In the direct appeal, he assigned as error the denial of those motions. In overruling

4

that assignment of error, we determined that Spurling had been "given a full Crim.R. 11 colloquy," had "affirmatively waived his constitutional rights knowingly and intelligently," and had "stated that he understood that the trafficking charge was being amended to a possession charge, that the second count—a possession charge—would be dismissed, and that he had entered into an agreed sentence of two years." *Spurling*, 1st Dist. Hamilton No. C-060087, 2007-Ohio-858, at ¶ 12.

{**¶10**} Also in the direct appeal, Spurling assigned as error his trial counsel's effectiveness in advising him to plead guilty. In overruling that assignment of error, we acknowledged "that possessing 1.35 grams of crack cocaine is only a fourth-degree felony under R.C. 2925.11(C)(4)(b)." However, we concluded that counsel could not be said to have been ineffective in advising Spurling to enter the plea, when counsel had negotiated a plea agreement for a possession, rather than trafficking, conviction and an agreed two-year sentence, and the plea had been entered following "a full Crim.R. 11 colloquy." *Id.* at ¶ 23.

{**¶11**} Spurling also presented in the direct appeal assignments of error contending that the amendment to the indictment violated Crim.R. 7(D), and that his trial counsel had been ineffective with respect to that amendment. We overruled those assignments of error for the reason that his Crim.R. 7(D) challenge to the amendment had been waived by his guilty plea. *Id.* at ¶ 17-19.

{**¶12**} Finally, Spurling's 2019 "Motion to Vacate Void Judgment," like the 2020 motion from which this appeal derives, sought an order vacating his conviction on the ground that it was "void" because the trial court lacked subject-matter jurisdiction to convict him of third-degree-felony possession. In his 2019 motion, as in his 2020 motion, Spurling argued that his conviction for an offense not charged in the indictment violated his constitutional right to an indictment. And he argued that under R.C. 2945.75, he could only have been found guilty of and sentenced for the least degree of possession—fourth-degree-felony possession—because the lab report reflected his possession of 1.35 grams, and not the five-to-ten grams necessary to

elevate his offense to a third-degree felony, because the indictment charged only fourth-degree-felony possession, and because neither count one of the indictment as amended, nor the judgment of conviction, alleged an additional element that would have elevated the offense to a third-degree felony. In the appeal from the denial of his 2019 motion, we held that Spurling's conviction upon his guilty plea to the amended charge was not void, because the trial court had personal and subject-matter jurisdiction:

> Spurling was properly before the court upon the return of an indictment charging the felony offenses of cocaine possession and trafficking. His counseled, knowing, voluntary, and intelligent guilty plea to count one of that indictment, as amended, waived his constitutional right to an indictment. * * * The trial court acted within its subject-matter jurisdiction in accepting his guilty plea to third-degree-felony possession, finding him guilty, and sentencing him for that offense to the agreed prison term of two years. * * *And any error in the trial court's exercise of that jurisdiction would have rendered his conviction voidable, not void.

(Citations omitted.) *Spurling*, 1st Dist. Hamilton No. C-060087, 2007-Ohio-858, at ¶ 14-16.

{¶13} Under the doctrine of the law of the case, a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Therefore, an inferior court confronted with substantially the same facts and issues involved in a prior appeal is bound by the superior court's determination of those issues. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 9-11 (1st Dist.).

{¶14} In his 2020 Crim.R. 32.1 motion, Spurling asserted that his conviction was "void," because the trial court had no jurisdiction to convict him of third-degree-

6

felony possession. He challenged his indictment and its amendment, the knowing, voluntary, and intelligent nature of his plea, the trial court's compliance with Crim.R. 11 in accepting his plea, and his trial counsel's effectiveness concerning those matters. Those challenges may fairly be said to have been addressed and decided by this court in its 2007 decision affirming his conviction in the direct appeal and its 2020 decision affirming the dismissal of his 2019 postconviction petition. Thus, under the doctrine of the law of the case, those decisions constrained the common pleas court from granting Spurling the relief sought on the grounds advanced in his 2020 Crim.R. 32.1 motion. We, therefore, hold that the court properly denied the motion.

*We Affirm*

{¶15} A reviewing court may affirm a lower court's judgment on a ground other than that provided by the lower court, if the alternative ground is supported by the record. *See State v. Merritt*, 1st Dist. Hamilton No. C-200351, 2021-Ohio-3122, ¶ 12, citing *State v. Peagler*, 76 Ohio St.3d 496, 668 N.E.2d 4897 (1996), paragraph one of the syllabus, and *State v. Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 WL 598397, *7 (Sept. 26, 1997). The law of our 2007 and 2019 decisions precluded the common pleas court from affording Spurling the relief sought in his 2020 motion. Therefore, the common pleas court properly denied that motion. Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.