[Cite as *State v. Pickens*, 2021-Ohio-3878.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 9-21-16

    v.

HAROLD A. PICKENS,

    DEFENDANT-APPELLANT.

**O P I N I O N**

Appeal from Marion County Common Pleas Court
Trial Court No. 2016 CR 34

**Judgment Affirmed**

**Date of Decision: November 1, 2021**

APPEARANCES:

    *Harold A. Pickens,* **Appellant**

    *Nathan R. Heiser* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Harold A. Pickens, appeals the April 12, 2021 judgment of the Marion County Court of Common Pleas denying in part and dismissing in part his "Motion to Withdraw No Contest Pleas-Void Judgment." For the reasons that follow, we affirm.

## I. Background

{¶2} On January 28, 2016, the Marion County Grand Jury indicted Pickens on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony, and one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony. At arraignment, Pickens pleaded not guilty to both counts of the indictment.

{¶3} At a June 3, 2016 hearing, Pickens and the State indicated that a plea agreement had been reached. Pursuant to the agreement, the State requested dismissal of the gross-sexual-imposition charge and asked the trial court to amend the indictment to remove from the rape charge an allegation that "[t]he victim is under the age of 10 years old." Granting both requests, the trial court dismissed the gross-sexual-imposition charge and amended the indictment. In exchange for the dismissal of the gross-sexual-imposition charge and the amendment of the indictment, Pickens withdrew his previous not-guilty plea and pleaded no contest to the amended rape charge. The trial court accepted Pickens's plea to the amended

rape charge, found him guilty, and proceeded immediately to sentence him to the statutorily required sentence of 10 years to life in prison for the rape of a child under 13 years of age. R.C. 2907.02(B) and 2971.03(B)(1)(a). Pickens appealed, and on April 3, 2017, this court affirmed Pickens's conviction and sentence. *State v. Pickens*, 3d Dist. Marion No. 9-16-35, 2017-Ohio-1231, ¶ 57.

{¶4} On February 5, 2021, Pickens filed a "Motion to Withdraw No Contest Pleas-Void Judgment." In his motion, Pickens claimed that "once [the trial court] amended [the rape charge] and deleted the alleged age of the victim to be less than 10 years old, the court effectively divested itself of subject-matter and personal jurisdiction to impose a life sentence." He also maintained that he received ineffective assistance of counsel in that his trial counsel "induced [him] to plead no contest to a charge and sentence that he could not have legally been convicted of by bench or jury." Pickens argued that his conviction and sentence are consequently void and that "he is entitled to either withdrawal of the no-contest plea or to have his life term modified to reflect a [definite] sentence for a first degree felony." The State failed to file a response to Pickens's motion.

{¶5} On April 12, 2021, the trial court denied Pickens's motion in part and dismissed it in part. Specifically, the trial court denied the portion of Pickens's motion in which he argued that his conviction and sentence are void as being contrary to law. The trial court concluded that the language deleted from the

original indictment "goes to a higher penalty, not to the minimum requirements for a conviction," and that Pickens's sentence of 10 years to life in prison is expressly authorized by statute for the offense to which he pleaded no contest. *See* R.C. 2907.02(B) and 2971.03(B)(1)(a). Regarding Pickens's claim of ineffective assistance of counsel, the trial court held that "the claim is essentially an untimely request for postconviction relief." Accordingly, the trial court dismissed this portion of Pickens's motion for lack of jurisdiction.

{¶6} On May 7, 2021, Pickens timely filed a notice of appeal. He raises five assignments of error for our review.

## II. Assignments of Error

**1.    The defendant's no contest plea to the charge of rape with a penalty of life imprisonment is void as being unauthorized by law.**

**2.    Defendant's plea of no contest was not made knowingly, intelligently, and voluntarily where he was deprived of the effective assistance of counsel.**

**3.    The defendant's plea of no contest was not made knowingly, intelligently, and voluntarily when the State of Ohio intentionally misled the defendant as to the degree of felony when it agreed to remove the age of the victim from the indictment knowing the court would still impose the life sentence as it did.**

**4.    The trial court abused its discretion when it denied defendant's motion due to the State's refusal to respond to said motion and because the defendant was entitled to relief on his motion.**

**5. The trial court abused its discretion when it determined appellant's ineffective assistance claim was an untimely postconviction motion.**

### III. Discussion

{¶7} In his five assignments of error, Pickens argues the trial court erred by denying and dismissing his motion. Before considering the merits of the trial court's decision to deny and dismiss Pickens's motion, we first address Pickens's contention that the trial court erred by treating his motion as an untimely petition for postconviction relief rather than as a Crim.R. 32.1 motion to withdraw his no-contest plea. We note that Pickens and the State agree that Pickens's motion should have been treated as a Crim.R. 32.1 motion to withdraw a no-contest plea. In addition, in his motion, Pickens expressly invoked Crim.R. 32.1, cited the standard trial courts use when determining whether to grant Crim.R. 32.1 motions, and asked that he be allowed to withdraw his no-contest plea. Therefore, given that Pickens prosecuted his motion as a Crim.R. 32.1 motion and that there is no actual dispute between the parties concerning the identity of Pickens's motion, we conclude that it would have been proper for the trial court to evaluate Pickens's motion under the standards governing Crim.R. 32.1 motions.

{¶8} Nonetheless, the trial court was right to dismiss at least some portions of Pickens's motion for lack of jurisdiction. Pickens's motion to withdraw his no-contest plea was filed nearly four years after we affirmed his conviction and

sentence. "'[A] trial court has no jurisdiction to consider a Crim.R. 32.1 motion to withdraw a guilty [or no-contest] plea after the judgment of conviction has been affirmed by an appellate court.'" *State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 9, quoting *State v. Streeter*, 3d Dist. Allen No. 1-08-52, 2009-Ohio-189, ¶ 14, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978).

{¶9} However, insofar as Pickens's motion contained claims that his conviction and sentence are void, such claims could not be reflexively dismissed for lack of jurisdiction. "The authority to vacate a void judgment is 'an inherent power possessed by Ohio courts.'" *State v. Love*, 7th Dist. Mahoning No. 17 MA 0039, 2018-Ohio-1140, ¶ 18, quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. "[A] court always has jurisdiction to correct a void judgment." *State v. Spurling*, 1st Dist. Hamilton No. C-190629, 2020-Ohio-3792, ¶ 14. Thus, if Pickens's conviction and sentence are in fact void, the trial court would have had jurisdiction to set them aside notwithstanding that the trial court otherwise lacked jurisdiction to consider Pickens's motion under Crim.R. 32.1.

{¶10} But Pickens's conviction and sentence are not void. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 43. Even if a sentence imposed is not authorized

by law, the sentence would only be voidable as long as the trial court possessed both subject-matter and personal jurisdiction. *Id.*

{¶11} Although Pickens's claims are confusing and difficult to follow, he seemed to argue in his motion that his conviction and sentence are void because (1) the indictment was improperly amended; (2) his sentence exceeded the statutory maximum for the offense to which he pleaded no contest; and (3) he received ineffective assistance of counsel. Yet, even if each of Pickens's contentions were true, which we do not find to be the case, they are not jurisdictional in nature so as to be capable of rendering his conviction and sentence void. *See State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, ¶ 11 ("[S]entencing errors are not jurisdictional * * *."); *State ex rel. Raglin v. Brigano*, 82 Ohio St.3d 410, 410 (1998) (holding that claims challenging the validity or sufficiency of an indictment are nonjurisdictional in nature); *State v. Powell*, 4th Dist. Gallia No. 20CA3, 2021-Ohio-200, ¶ 51 (concluding that the defendant's ineffective-assistance-of-counsel claim, "even if meritorious, was not a jurisdictional error and did not deprive the adult court of jurisdiction"); *State v. Hayes*, 1st Dist. Hamilton No. C-130450, 2014-Ohio-1263, ¶ 5 (concluding that the defendant's ineffective-assistance-of-counsel claim, even if demonstrated, would not have rendered his convictions void). As Pickens did not point to anything else that would have potentially deprived the trial

court of subject-matter or personal jurisdiction, the trial court correctly determined that Pickens's conviction and sentence are not void.

{¶12} Finally, it is of no moment that the State failed to file a response to Pickens's motion. It is plain from the face of Pickens's motion that Pickens did not present the trial court with any valid basis for concluding that his conviction and sentence are void. In addition, the trial court would have had to do little more than conduct a cursory review of Pickens's case file and of Pickens's motion to recognize that Pickens's prior appeal in this case divested the court of jurisdiction to consider the motion under Crim.R. 32.1. While a response from the State would have been helpful to the trial court, it was not necessary to the trial court's determination of Pickens's motion, and the State's failure to file a response certainly did not bar the trial court from ruling against Pickens.

{¶13} In sum, we conclude that because Pickens's conviction and sentence are not void and the trial court did not have jurisdiction to consider his motion under Crim.R. 32.1, the trial court was completely without jurisdiction to consider the claims raised in Pickens's motion. Accordingly, the trial court technically should have dismissed the entirety of Pickens's motion rather than denying it in part and dismissing it in part. Nevertheless, a trial court does not commit reversible error by denying a motion it should have dismissed for lack of jurisdiction. *See State v. Jackson*, 3d Dist. Allen No. 1-19-63, 2020-Ohio-4015, ¶ 15 (noting that although

trial courts should dismiss untimely postconviction petitions for lack of jurisdiction, "a trial court does not commit reversible error by denying an untimely postconviction petition").

{¶14} Pickens's assignments of error are overruled.

## IV. Conclusion

{¶15} For the foregoing reasons, Pickens's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**